PANAMA R. CO. v. NAPIER SHIPPING CO., Limited.

(Circuit Court of Appeals, Second Circuit. April 18, 1894.)

ADMIRALTY—REVIEW OF COMMISSIONER'S FINDINGS.

The findings of a commissioner appointed to ascertain damages in relation to questions of fact depending on conflicting evidence should not be disturbed by the court, unless error or mistake is clearly apparent.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a libel by the Napier Shipping Company, Limited, against the Panama Railroad Company, to recover damages for injuries received by libelant's steamer Stroma while lying at respondent's pier at Colon, Panama. The district court originally dismissed the libel (42 Fed. 922), and libelant appealed to the circuit court, where the decree was affirmed pro forma, and an appeal taken to this court. On February 16, 1892, this court reversed the decree (1 C. C. A. 576, 50 Fed. 557), with directions to ascertain the amount of libelant's loss, and render a decree therefor with costs. The cause was accordingly referred to a commissioner, and on the coming in of his report the exceptions taken thereto by respondent were overruled, and the report adopted. From this decree respondent has now appealed.

Coudert Bros., for appellant.

Butler, Stillman & Hubbard (Wilhelmus Mynderse, advocate), for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. The only questions raised by this appeal relate to the award of damages made by the decree of the circuit court upon overruling the exceptions of the appellant to the report of the commissioner to whom it was referred to ascertain the libelant's damages. The exceptions, aside from those taken to the allowance of interest, challenge the correctness of the commissioner's findings upon matters of fact. The only ones relating to the allowance of interest which have been argued orally or in the brief of counsel for the appellant also depend upon the correctness of the commissioner's findings upon matters of fact, the contention being that interest should only have been allowed upon the amount of damages which should have been awarded, instead of upon the amount actually awarded.

We think the court below properly adopted the commissioner's findings of fact, and correctly overruled the exceptions. The conclusions of such an officer, like those of a master in chancery, will not be disturbed as to matters of fact which depend upon conflicting testimony, unless error or mistake is clearly apparent. Whether the expenses of the libelant in raising and patching the steamer at Colon were reasonably incurred under the circumstances, whether it was more judicious to bring her to New York, in view of the extensive repairs which were necessary, than to attempt to have them made at New Orleans, whether the repairs made in New York were necessarily consequent to the injuries inflicted by the negligence of the appellant, or were in part consequent upon the negligence of the servants of the libelant, whether the sum paid for repairs was reasonable in amount or not, and whether the expenses and losses incurred by the libelant were or were not enhanced by any want of diligence or prudence on its own part, were all questions de-

pending upon conflicting testimony and inferences of fact. The circuit court could not have safely disturbed the conclusions of the commissioner.

The decree is affirmed, with interest, and costs of both courts.