In re MERRITT & CHAPMAN DERRICK & WRECKING CO.

(District Court, D. Connecticut. August 17, 1900.)

No. 1,226.

1. COLLISION—SUIT FOR DAMAGES—FINDINGS OF MASTER.
    The findings of a master as to the cost of restoring a vessel injured in collision, based on conflicting testimony, will not be disturbed unless there is a clear error or mistake.

2. SAME—MEASURE OF DAMAGES.
    Where the owner sold a vessel injured in collision in her damaged state he is not entitled to recover damages, in a suit for the collision, because she was not restored to her former condition by the repairs made by the purchaser, when it appears that the reason was because the repairing was not properly done.

In Admiralty. Suit for collision. On exceptions to report of commissioner awarding damages.

Avery F. Cushman and Samuel Park, for petitioner.
Benedict & Benedict, for claimant.

TOWNSEND, District Judge. The facts herein are found in 100 Fed. 134. The petitioner's steam tug collided with and sank the claimant's steam yacht, was found solely in fault, and was sold for $8,525, which amount was deposited in court. The question of damages to said yacht was heard by the commissioner. An award was

made of $7,000 in favor of claimant, and the matter now comes before this court on exceptions by both parties to the commissioner's report.

The contentions on these exceptions raise various questions as to whether the commissioner has given due weight to certain testimony in cases where the evidence was conflicting, and whether the amounts allowed for repairs and depreciation were or were not reasonable. The evidence has been carefully examined. It amply justifies the commissioner's report. It is clear that the claimant has received all the damages to which he is entitled. After the collision he sold the boat to Testare and Priore for $3,000. Competent surveyors, after a survey, offered to guaranty to replace everything damaged, and to put the yacht in as good condition as before, except upholstery and decorations, for $3,000. The purchasers refused this bid as too high, did the work themselves, failed to do it so as to restore the yacht to its former condition, and failed to produce any sufficient account of their expenditures, and yet claimant insists that he is entitled to an award, based on said alleged expenditures, of the whole fund in court, amounting to more than $8,000. The rule that the person damaged is entitled to the cost of a restitutio in integrum has no application under this evidence. The offered restitution was declined. The attempted restitution was improperly done. The claim of expenses incurred was not sufficiently proved. The commissioner finds that the evidence as to said expenditures was unsatisfactory, because, while Testare and Priore purchased the materials, and employed their own workmen thereon, "no books or vouchers of any kind for this part of the work were produced, and the testimony as to most of the expenditures was substantially a matter of recollection." The commissioner attaches a list of claimed expenditures and says: "I find, however, that these expenditures, so far as they relate to a portion of the work, and particularly that of the painting, were excessive, and that the work was done in a needlessly expensive manner. I find from all the evidence that a reasonable allowance for this work would be the sum of $4,045." Other allowances for articles lost or ruined, amounting to $1,955, making $6,000 in all, were also made by the commissioner.

The exceptions on the part of the claimant are overruled. It is not clear that said total of $6,000, found by the commissioner, is not greater than would seem to be allowable from reading over the testimony. But the conclusions of a master as to matters of fact which depend on conflicting testimony should not be disturbed unless it is clear that there is error or mistake. Panama R. Co. v. Napier Shipping Co., 9 C. C. A. 553, 61 Fed. 409. There is one point, however, in which the commissioner seems to have been in error. He says:

"I further find that the repairs and expenditures above allowed do not place the yacht Fra Diavolo back in the condition in which she was at the time she was sunk. I find that, as a result of the collision, the Fra Diavolo is out of line and hogged on the port side, and that this, with the weakness of the vessel caused by the breaking in of her sides, has caused permanent depreciation in the value of the yacht, and that a reasonable and fair allowance therefor would be the sum of $1,000."

John Lane, a witness for claimant, an experienced surveyor, testified that he took part in the original survey on this yacht, and that he then made as thorough a survey as possible; that he inspected her after the repairs, to see whether the recommendations in the survey had been carried out; that he found the repairs had not been properly done, and, as a consequence, on account of weakness, she was losing her shape, and hogging. This permanent depreciation, then, is confessedly due to a considerable extent to the failure to use ordinary skill and diligence in making said repairs, and is not damage resulting directly from the collision. Whether or not the repairs were properly made does not affect this claimant, inasmuch as he sold the boat in its damaged condition. The commissioner finds that $6,000 was the sum which would be necessarily expended in placing the yacht back "in the condition in which she was at the time she was sunk." Damage caused to the purchasers by improper work is no loss to this complainant. However, as the yacht would probably have been worth less than before, even if the work had been properly done, something should be allowed therefor. I think $500 would be a fair allowance on this ground. The report may be so modified as to reduce said $1,000 item to $500, or the question of permanent depreciation may be referred back to the commissioner, in order to enable him to take further testimony, if necessary, thereon.